UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| QUIANA NORRIS, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Cause No: 1:09-cv- 543-WTL-JMS ) |
| JACKSON HEWITT, INC., | ) ) |
| Defendant. | ) |

### ENTRY ON MOTION TO DISMISS

This cause is before the Court on the Defendant's motion to dismiss. The motion is fully briefed and the Court, being duly advised, **GRANTS** the motion for the reasons set forth below. The Plaintiff's motion for oral argument is **DENIED**.

Plaintiff Quiana Norris alleges in her complaint[1] that, in conjunction with preparing her 2006 federal income tax return, Defendant Jackson Hewitt, Inc., violated Ind. Code 24-5-15-1, et seq., (hereafter referred to as "the Act") when it arranged for her to receive a refund anticipation loan ("RAL") from the Santa Barbara Bank & Trust without complying with certain requirements of the Act. Specifically, Norris alleges that Jackson Hewitt failed to obtain a surety bond or irrevocable letter of credit before doing business as a credit services organization in Indiana as required by Ind. Code 24-5-15-8 and failed to provide Norris with certain documents and make certain disclosures required by Ind. Code 24-5-15-7.

Norris brings this claim pursuant to Ind. Code 24-5-15-9 which provides, in relevant part,

---

[1]This case was filed as a putative class action; however, inasmuch as no motion for class certification has been filed to date, this ruling applies only to the individual claims of Plaintiff Norris.

"A person that is damaged by a credit services organization's violation of this chapter may . . . bring an action to recover the greater of two (2) times the amount of actual damages or one thousand dollars ($1,000) and attorney's fees." Jackson Hewitt argues that Norris's complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because she has failed adequately to plead that she was damaged by any violation of the Act on its part. The Court agrees.[2]

In order to withstand a Rule 12(b)(6) motion, a complaint must contain enough information to state a legally cognizable claim. "[A] complaint stating only 'bare legal conclusions,' even under notice pleading standards, is not enough to survive a Rule 12(b)(6) motion." *Bissessur v. Indiana University Bd. of Trustees*, 581 F.3d 599, 602 (7th Cir. 2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009)).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff has the obligation to provide the factual grounds of his entitlement to relief (more than mere labels and conclusions), and a formulaic recitation of a cause of action's elements will not do. The complaint must contain enough facts to state a claim to relief that is plausible on its face and also must state sufficient facts to raise a plaintiff's right to relief above the speculative level. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. This said, in examining the facts and matching them up with the stated legal claims, we give the plaintiff the benefit of imagination, so long as the hypotheses are consistent with the complaint.

---

[2]Jackson Hewitt does not concede that it violated the Act and indeed argues that its conduct with regard to Norris's RAL was not subject to the requirements of the Act at all and therefore it cannot be liable for violating its provisions. The Court need not resolve that issue, and therefore expresses no opinion regarding it, because the Court agrees with Jackson Hewitt that even if the Act does apply, Norris's failure to sufficiently allege that she was damaged by Jackson Hewitt's failure to comply with it is fatal to her claim.

*Bissessur*, 581 F.3d at 602-03 (internal quotation marks and citations omitted).[3]

The only mention of damages in Norris's complaint (relating to her individual claim) is found in ¶ 22, which states:

> As a result of Jackson Hewitt's violations of [the Act], Ms. Norris and the proposed class have been damaged in the amount of the greater of (a) two times the amount of all fees and charges incurred in connection with Jackson Hewitt's arrangement of an extension of credit, or (b) $1,000, per Ind. Code § 24-5-15-8.

This is a textbook example of the type of "formulaic recitation" that does not satisfy the notice pleading requirement. Indeed, it does not appear that ¶ 22 can be read literally, as it conflates the issue of Norris's actual damages with statutory damages. In other words, Norris presumably is not alleging in ¶ 22 that she was actually damaged "in the amount of the greater of (a) two times the amount of all fees and charges incurred in connection with Jackson Hewitt's arrangement of an extension of credit, or (b) $1,000," but rather that she is *entitled to an award of damages under the Act* in that amount. While the Act does provide for an award of two times actual damages or $1,000 in statutory damages, it also requires that the person bringing the action has, in fact, been damaged by the violation, and there are absolutely no facts in the complaint which would support a finding that Norris suffered any actual damage at all.

In response to the instant motion, Norris essentially argues that damages may be presumed from violation of the Act. This argument is inconsistent with the plain language of the statute, however. There are several federal consumer protection statutes that do not require that a plaintiff demonstrate any injury in order to bring a claim, but rather provide for statutory

---

[3]The Court notes that the Plaintiff incorrectly cites to the pre-*Twombly* standard that "A motion to dismiss should be granted only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." That standard was "retired" by *Twombly* and is no longer valid.

damages based solely on a defendant's violation of the statute. *See, e.g.*, Fair Debt Collection Practices Act, 15 U.S.C. § 1692k (providing that "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person . . ."); Fair Credit Reporting Act, 15 U.S.C. § 1681n (providing that "[a]ny person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer . . ."). However, the Act is not written in that way; rather, it expressly provides that an action for violation of its provisions may be brought only by a person who has been damaged by that violation.

In light of the absence of an allegation–supported by appropriate facts–that Norris is a person who has been damaged by Jackson Hewitt's alleged violation of the Act, Norris's complaint must be dismissed. Accordingly, Jackson Hewitt's motion to dismiss is **GRANTED**. This dismissal is without prejudice to Norris's ability to amend her complaint to make the necessary allegations if she believes the facts support them. *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) ("District courts routinely do not terminate a case at the same time that they grant a defendant's motion to dismiss; rather, they generally dismiss the plaintiff's complaint without prejudice and give the plaintiff at least one opportunity to amend her complaint."); *Barry Aviation, Inc. v. Land O'Lakes Municipal Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) ("better practice is to allow at least one amendment regardless of how unpromising the initial pleading appears"). If Norris wishes to seek leave to file an amended complaint, she shall file the appropriate motion **by January 8, 2010**. If no such motion is filed by that date, the Court will enter final judgment dismissing Norris's claims with prejudice.

SO ORDERED:   12/07/2009

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification