UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| QUIANA NORRIS, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Cause No: 1:09-cv- 543-WTL-TAB ) |
| JACKSON HEWITT, INC., | ) ) |
| Defendant. | ) |

**ENTRY ON MOTION TO DISMISS AMENDED COMPLAINT**

Plaintiff Quiana Norris[1] alleges in this case that, in conjunction with preparing her 2006 federal income tax return, Defendant Jackson Hewitt, Inc., ("Jackson Hewitt") violated Ind. Code 24-5-15-1, et seq., (hereafter referred to as "the Act") when it arranged for her to receive a refund anticipation loan ("RAL") from the Santa Barbara Bank & Trust without complying with certain requirements of the Act. Specifically, Norris alleges that Jackson Hewitt failed to obtain a surety bond or irrevocable letter of credit before doing business as a credit services organization in Indiana as required by Ind. Code 24-5-15-8 and failed to provide Norris with certain documents and make certain disclosures required by Ind. Code 24-5-15-7. Jackson Hewitt asserts that its relationship with Norris was not subject to the requirements of the Act.

Norris's claim is brought pursuant to Ind. Code 24-5-15-9, which provides, in relevant part, that "[a] person that is damaged by a credit services organization's violation of this chapter may . . . bring an action to recover the greater of two (2) times the amount of actual damages or

---

[1]The Court again notes that while this case was filed as a putative class action, no motion for class certification has been filed to date, and therefore this ruling applies only to the individual claims of Plaintiff Norris.

one thousand dollars ($1,000) and attorney's fees." In an earlier ruling, the Court granted Jackson Hewitt's motion to dismiss Norris's original complaint because she failed to adequately plead that she was damaged as a result of any of Jackson Hewitt's alleged actions. Consistent with Seventh Circuit precedent, *see, e.g., Barry Aviation, Inc. v. Land O'Lakes Municipal Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004), the Court did not enter final judgment immediately, but rather gave Norris the opportunity to file an amended complaint that properly alleged the damages she suffered, if she believed the facts so warranted. Norris has now filed an amended complaint, which Jackson Hewitt promptly moved to dismiss. That motion is fully briefed and the Court, being duly advised, **GRANTS** the motion for the reasons set forth below.

Jackson Hewitt argues that Norris's amended complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because she again has failed adequately to plead that she was damaged by any violation of the Act on its part. The Court agrees.

As the Court noted in its previous entry, in order to withstand a Rule 12(b)(6) motion, a complaint must contain enough information to state a legally cognizable claim. "[A] complaint stating only 'bare legal conclusions,' even under notice pleading standards, is not enough to survive a Rule 12(b)(6) motion." *Bissessur v. Indiana University Bd. of Trustees*, 581 F.3d 599, 602 (7th Cir. 2009) (citations omitted). In an attempt to satisfy her obligation to plead damages, Norris added the following paragraphs to her amended complaint:

> 31. Because Ms. Norris paid Jackson Hewitt for a service which was devoid of all the aforementioned protections the law requires, Ms. Norris was damaged. See *Harper v. Jackson Hewitt, Civ. Action*, No. 3:06 0919, 2009 U.S. Dist. LEXIS 89705 (S.D. W. VA. Sept. 29, 2009)("If Plaintiffs can prove a violation of this provision [analogous West Virignia credit services act], the injury arises from the charge made or money or other valuable consideration received by the CSO from the buyer.")
>
> 32. Ms. Norris was damaged when she paid money to Jackson Hewitt to

        facilitate her RAL but the service she purchased was not what Jackson Hewitt was required to provide under the law. Jackson Hewitt needed to obtain a surety bond or irrevocable line of credit, which it failed to do. Ms. Norris was therefore damaged by paying for a service which did not have the protections the law required it to have.

33.      Ms. Norris was damaged when she paid money to Jackson Hewitt to facilitate her RAL but the service she purchased did not contain all of the disclosures the law required and Jackson Hewitt did not provide her with the requisite notices of cancellation. This prevented Ms. Norris from making an informed decision about the service she was purchasing and prevented her from being properly informed that she could cancel her purchase.

34.      Accordingly, as a result of Jackson Hewitt's violations of Ind. Code. §24-5-15-1, et-seq. Ms. Norris and the proposed class have been damaged and are entitled to receive the greater of (a) two times the amount of all fees and charges incurred in connection with Jackson Hewitt's arrangement of an extension of credit, or (b) $1,000 per Ind. Code §24-5-15-8.

None of these new allegations remedy the deficiency in Norris's original complaint. While Norris attempts to articulate ways in which she was damaged in several difference ways, none of them are distinguishable from the argument the Court already has rejected: that damages may be presumed from violation of the Act. As explained in the prior ruling, the Court finds this argument to be inconsistent with the plain language of the statute. To put it simply, in the absence of an allegation that Norris would have acted differently (or that her situation would have been different in some practical way) if Jackson Hewitt had been in full compliance with the Act, Norris cannot demonstrate that she was damaged by any violation of the Act by Jackson Hewitt.[2]

        The Indiana General Assembly certainly could have passed a statute making a credit

---

[2] The Court expresses no opinion on the issue of whether Jackson Hewitt was subject to the Act.

services organization liable to a buyer for violation of the Act's provision regardless of whether the buyer suffered any actual injury, but it did not do so.  *Compare* Ind. Code 24-4.5-5-203 (providing that "a creditor who . . . fails to disclose information to a person entitled to information under this Article is liable to that person . . ."); Ind. Code 24-5-24-15 (providing that "[a] person who knowingly or intentionally fails to comply with any requirement imposed under this chapter with respect to a consumer is liable to that consumer . . ."); 15 U.S.C. § 1692k (providing that "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person . . ."); 15 U.S.C. § 1681n (providing that "[a]ny person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer . . ."); *with* Ind. Code 24-5-15-9 (providing that "[a] person that is damaged by a credit services organization's violation of this chapter may . . . bring an action . . .").  Because the plain and unambiguous language of the Act permits only a person who has been damaged by a violation of its requirements to bring a civil action against the violator, and Norris does not allege that she has suffered any actual injury, Norris's amended complaint must be dismissed.

     Two arguments made by Norris require brief mention.  First, Norris argues that because Jackson Hewitt failed to comply with the Act, the contract between her and Jackson Hewitt was void; therefore, Jackson Hewitt was not entitled to enforce the contract against her and "[i]t is certainly an injury or 'damage' to pay an amount which, under law, may not be collected from you."  Norris Brief at 8.  The Indiana Supreme Court has addressed the circumstances under which a contract should be declared void because it contravenes a statute and determined that "because we value the freedom to contract so highly, we will not find that a contract contravenes

a statute unless the language of the implicated statute is clear and unambiguous that the legislature intended that the courts not be available for either party to enforce a bargain made in violation thereof." *Continental Basketball Ass'n, Inc. v. Ellenstein Enterprises, Inc.*, 669 N.E.2d 134, 140 (Ind. 1996). In that case, the court determined "from both the legislature's failure to use words like 'void' or 'unenforceable' in the statute and its inclusion of remedial provisions to be invoked in the event of violations, that the legislature did not intend that every contract made in violation of the Franchise Acts be void." *Id.* Because the Act is analogous to the Franchise Acts in all relevant respects, the same conclusion is compelled in this case.

Norris also discusses at length the evils of RALs, including the fact that they target the working poor and provide a marginal advantage (receiving one's tax refund a few days sooner) in exchange for what amounts to an exorbitant interest rate. However, while as the Seventh Circuit has noted "an attack on RALs based on fairness and equity would certainly have some appeal," *Kleven v. Household Bank F.S.B.*, 334 F.3d 638, 640 (7th Cir. 2003), the fact is that this case is not about whether the practice is fair or equitable. The issue before the Court is simply whether, under the terms of the statute passed by the Indiana General Assembly, a person who was not damaged by another's failure to comply with the Act can nonetheless recover damages under the Act.[3] She may not. Accordingly, Jackson Hewitt's motion to dismiss is **GRANTED** and Norris's amended complaint is **DISMISSED WITH PREJUDICE**.

SO ORDERED: 06/28/2010

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

---

[3] The Court notes that the requirements of the Act may be enforced by the Indiana attorney general regardless of whether the violations damaged anyone. Ind. Code 24-5-15-11.

Copies to all counsel of record via electronic notification